Caruthers, J.,
delivered tbe opinion of tbe Court.
This action of debt was brought against fifteen individuals, as members of tbe firm called tbe “Hiwassee Steamboat Company,” upon a note in these words:
“ Nine months after date, we promise to pay J. M. Chambers, or order, twenty-one hundred and thirty-seven dollars, bearing interest after six months, for value received.
“Hiwassee Steamboat CompaNy, by
“B. E. Martih, Pres’t.
“Charleston, Tenn., Nov. 6, 1852.”
The plea was nil debet, and the plaintiff was allowed to recover without other or further proof than the note.
The question raised and argued is, whether this plea puts the plaintiff upon the proof of his case, any further than to read the instrument declared upon, unless it is denied by a plea of non est factum, either general or special, upon oath. The Circuit Judge instructed the jury, that without any other evidence on the part of the plaintiff they should find for him the amount of the note and interest, which was done, and a new trial refused.
What else was required to mate out the case ? The note was the foundation of the action, and if that was signed by the defendants in the name of the firm or company, or by their authority, they did, owe the debt, unless they could show payment or some other legal de-fence. It is signed in the firm name “by B. E. Martin, *588 Pres’t.” He is declared against as one of the partners. But if he was not the partner, or President, with proper authority to bind the firm, or signed the name of the firm or company without authority, what then? It is a case of forgery, and the defendants would not be bound. But that defence can only be raised by a plea upon oath denying the signature. Acts of 1817, ch. 86, § 2, 1819, ch. 27, § 4; Oar. & Nieh., 501; 5 Yerg., 427. The general rule that the plea of nil debet puts the plaintiff upon the proof of every thing necessary for a recovery, has this statutory qualification, that the instrument upon which the suit is based proves itself, and cannot be denied on the trial unless that be done by a proper plea upon oath. The fact that the name of the person by whom the signature of the firm was signed is added, can make no difference. ’ There was then no error in the instructions of the Court.
But the case must be reversed, because there is no proper judgment against the defendants, who failed to plead. The judgment upon the verdict of the jury could only extend to the defendants who made the issue. The proper judgment will be entered here against those in default upon the entry calling them out, and the others upon the finding of the jury.
McKinney, J.
I am unable to concur upon the first point, regarding the question as not governed by the acts of 1817 or 1819.